UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CAROL ANN CLARK,

    Plaintiff,

v.                                              Case No:   8:15-cv-1077-T-MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## OPINION AND ORDER

This cause is before the Court on Plaintiff Carol Ann Clark's Complaint (Doc. 1) filed on May 4, 2015.  Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability, disability insurance benefits, and supplemental security income.  The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions.  For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.**    **Social Security Act Eligibility, the ALJ Decision, and Standard of Review**

    **A.**    **Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905.  The impairment must be severe, making the claimant unable to do her previous work or any

other substantial gainful activity that exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382c(a)(3)(B); 20 C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.911. Plaintiff bears the burden of persuasion through step four, while the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

### B. Procedural History

On June 24, 2011, Plaintiff filed an application for disability insurance benefits and for supplemental security income asserting an onset date of December 24, 2010. (Tr. at 59, 200-12). Plaintiff's applications were denied initially on October 17, 2011, and on reconsideration on December 14, 2011. (Tr. at 59, 60, 79, 80). A hearing was held before Administrative Law Judge ("ALJ") Roseanne Dummer on June 5, 2013. (Tr. at 32-58). The ALJ issued an unfavorable decision on June 24, 2013. (Tr. at 15-26). The ALJ found Plaintiff not to be under a disability from December 24, 2010, through the date of the decision. (Tr. at 25).

On December 2, 2014, the Appeals Council denied Plaintiff's request for review. (Tr. at 4-8). Plaintiff filed a Complaint (Doc. 1) in the United States District Court on May 4, 2015.[1] This case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (*See* Doc. 16).

### C. Summary of the ALJ's Decision

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that he is disabled. *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).[2] An ALJ must determine

---

[1] On April 2, 2015, the Appeals Council granted Plaintiff additional time to file a civil action. (Tr. at 1-2). Plaintiff was granted thirty (30) days from the date she received the Appeals Council's letter to file her appeal with the United States District Court. (Tr. at 1-2).

[2] Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1,

whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform his past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

    The ALJ found that Plaintiff met the insured status requirements through March 31, 2011. (Tr. at 17). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 24, 2010, the alleged onset date. (Tr. at 17). At step two, the ALJ found that Plaintiff suffered from the following severe impairments: history of prolapsing mitral valve leaflet syndrome, history of bipolar affective disorder, generalized anxiety disorder, major depressive disorder, and obesity. (Tr. at 17). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). (Tr. at 17). At step four, the ALJ determined that Plaintiff has the residual functional capacity ("RFC") to avoid heavy work. The ALJ found Plaintiff could lift/carry 50 pounds occasionally and 25 pounds frequently; is able to sit for six of eight hours; can stand/walk for six of eight hours; should avoid concentrated exposure to pulmonary irritants such as fumes, odors,

---

2007 is expressly permitted under Rule 31.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

dusts, gases, and poor ventilation; and secondary to mental limitations, is able to perform simple, routine, repetitive type tasks. (Tr. at 18).

The ALJ determined that Plaintiff is unable to perform any past relevant work. (Tr. at 24). Considering Plaintiff's age, education, work experience, and RFC, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. at 24). Specifically, the ALJ found that Plaintiff was able to perform the following medium exertional level jobs: (1) kitchen helper, DOT # 318.687-101; (2) cleaner, DOT # 381.687-108; and (3) dining room attendant, DOT # 311.677-108. The ALJ also determined that Plaintiff was able to perform the following light exertional level jobs: (1) cashier II, DOT # 211.462-010; (2) ticketer/merchandise marker, DOT # 229.587-018; and (3) ticket taker, DOT # 344.667-010. 920.[3] (Tr. at 25). The ALJ concluded that Plaintiff was not under a disability from December 24, 2010, through the date of the decision. (Tr. at 25).

**D. Standard of Review**

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla; *i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson*, 402 U.S. at 401).

---

[3] "DOT" refers to the *Dictionary of Occupational Titles*.

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); and *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

**II.   Analysis**

On appeal, Plaintiff raises two issues. As stated by Plaintiff, they are:

(1)   The ALJ's decision was in error in failing to develop the record regarding the claimant's visual impairments.

(2)   The Appeals Council erred in failing to remand the case after receipt of new and material evidence.

(Doc. 24 at 5, 7). The Court will discuss each issue in turn.

**A.   Duty to develop record**

Plaintiff argues that the even though Plaintiff is clearly not blind, the ALJ failed to develop the record concerning Plaintiff's reduced vision acuity. The Commissioner responds that Plaintiff provided no basis for requiring the ALJ to further develop the record concerning Plaintiff's alleged visual impairments. [4]

---

[4]  Plaintiff frames this issue as the ALJ erred in failing to develop the record as to Plaintiff's alleged vision limitation. The law cited by Plaintiff, however, concerns Plaintiff's credibility. The Court notes that the ALJ found Plaintiff not to be fully credible, and did find that the credibility of her statements concerning the intensity, persistence and the limiting effects of her symptoms to be poor. (Tr. at 21, 24). Although the ALJ did not find Plaintiff to be fully credible, this credibility determination did not appear to be directed at the issue of Plaintiff's vision. The ALJ stated, Plaintiff "has poor near vision, but uses reading glasses." (Tr. at 19).

5

A plaintiff bears the burden of proving she is disabled, and is responsible "for producing evidence in support of h[er] claim." *Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003) (citing 20 C.F.R. § 416.912(a)). However, an ALJ "has a basic duty to develop a full and fair record." *Id.* (citing 20 C.F.R. § 416.912(d)); *see also* 20 C.F.R. § 404.1545(a)(3) ("However, before we make a determination that you are not disabled, we are responsible for developing your complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help you get medical reports from your own medical sources.").

Even though the ALJ has a duty to develop the record, a plaintiff must show prejudice before a court will find that a plaintiff's "right to due process has been violated to such a degree that the case must be remanded to the Secretary for further development of the record." *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995) (citing *Kelley v. Heckler*, 761 F.2d 1538, 1540 (11th Cir. 1985)). To determine if prejudice exists, the Court must determine if the record contains evidentiary gaps which will result in unfairness or clear prejudice. *Id.* (citing *Smith v. Schweiker*, 677 F.2d 826, 830 (11th Cir. 1982)).

A court must keep in mind that it must affirm an ALJ's decision if there exists "'such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (internal quotation omitted)). A court may not "'decid[e] the facts anew, mak[e] credibility determinations, or re-weigh[ ] the evidence.'" *Id.* (quoting *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005)). "Even if

---

This statement by the ALJ did not contradict Plaintiff's testimony. The Court finds that the first issue concerns the ALJ's duty to develop the record.

the evidence preponderates against the Commissioner's findings, [a court] must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004). A court must "'scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence.'" *Henry v. Comm'r of Soc. Sec.*, 802 F.3d at 1267 (citing *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986)).

The record contains two instances when Plaintiff's vision was mentioned. Plaintiff testified that that her vision is "terrible." (Tr. at 44). She claimed that when she had insurance, she obtained glasses due to her "bad problems" with her eyes "for close up and for reading" but her "far away" vision was good. (Tr. at 44). Plaintiff now uses "readers" or reading glasses when she reads. (Tr. at 44). The second instance was during a consultative physical examination conducted on September 24, 2011 by Christopher Cook, D.O. (Tr. at 350-57). Dr. Cook found: "[p]upils were equally round and reactive to light. Extraocular movements were intact. Visual acuity appeared grossly normal with intact visual fields by confrontation. Visual acuity on the left was 20/70 and on the right was 20/50." (Tr. at 352). Dr. Cook did not diagnose Plaintiff with any visual limitations. (Tr. at 350-357). In her decision, the ALJ included a brief acknowledgment that Plaintiff claimed she has poor near vision, but that she uses reading glasses. (Tr. at 19).

Plaintiff argues that based on her testimony and on the consultative examination finding that Plaintiff's visual acuity of 20/70 on the left and 20/50 on the right, Plaintiff's visual acuity "could impact the claimant's ability to perform some types of jobs." (Doc. 24 at 6). Accordingly, Plaintiff concludes that the ALJ should have developed the record further as to Plaintiff's visual acuity.

7

Plaintiff failed to meet her burden of showing prejudice. Even though Plaintiff testified as to her visual problems and a consultative examiner found Plaintiff's eyesight to be less than 20/20, Plaintiff failed to show that she had any limitations related to her vision especially in light of her ability to use reading glasses to correct the condition. In addition, the ALJ considered the evidence in the record concerning any limitations as to Plaintiff's vision and did not find that Plaintiff's vision limited her abilities to perform work. Further, Plaintiff did not specify how her alleged vision limitations actually impacted her ability to perform the jobs specified by the ALJ. Rather, Plaintiff speculates that her vision could impact a job.

Lastly, Plaintiff claims that the ALJ should have included some visual limitations in the hypothetical to the vocational expert. However, an ALJ is only required to ask hypothetical questions that pose the limitations she found severe, but the ALJ did not find Plaintiff's visual limitations to be severe. *See Nation v. Barnhart*, 153 F. App'x 597, 599 (11th Cir. 2005). After considering the evidence as a whole including all evidence in the record concerning Plaintiff's vision limitations, the Court finds that the record supports the ALJ's decision that Plaintiff's vision did not impact her ability to perform work. Therefore, the ALJ did not err in failing to develop the record further concerning Plaintiff's alleged visual limitations.

### B. Appeals Council

Plaintiff argues that the Appeals Council erred in failing to reconsider the ALJ's decision based on the new evidence submitted by Plaintiff. Plaintiff submitted mental health records from Bay Care Behavioral Health. The Commissioner responds that the Appeals Council properly considered the additional evidence and determined that the additional evidence did not provided a basis for changing the ALJ's decision.

A plaintiff is generally permitted to present new evidence at each stage of her administrative process. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1261 (11th Cir. 2007); 20 C.F.R. § 404.900(b).  Evidence submitted for the first time to the Appeals Counsel is determined under a Sentence Four analysis. *Id.*  An Appeals Council must consider new and material evidence that "'relates to the period on or before the date of the administrative law judge hearing decision' and must review the case if 'the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.'" *Id.* (quoting 20 C.F.R. §§ 404.970(b), 416.1470(b)).  New evidence is considered material and thereby warranting a remand if "'there is a reasonable possibility that the new evidence would change the administrative outcome.'" *Id.*

Plaintiff submitted the records from "BayCare Behavioral Health from May 7, 2013 through September 18, 2013" to the Appeals Council.  (Tr. 422-39).  Specifically, Plaintiff focuses on the Psychiatric Evaluation conducted on September 18, 2013, by Fay Cannon, M.D. (Tr. 422-25).  In the Evaluation, Dr. Cannon included a subjective history of Plaintiff's mental health as provided by Plaintiff.  (Tr. at 422-23).  Dr. Cannon observed Plaintiff to have good grooming and hygiene; to be reasonably pleasant and cooperative; to have a slightly elevated mood; to have a moderate degree of anxiety; to have coherent and spontaneous speech; to be goal-directed; to be alert, oriented, and able to attend to the interview; to have fair logic, judgment, and insight; and to have a good memory.  (Tr. at 424).  Dr. Cannon assigned a global assessment functioning of 50.  (Tr. at 424). [5]  Dr. Cannon considered Plaintiff's medications and

---

[5] "Although GAF scores frequently have been cited in Social Security disability benefits determinations, the Commissioner has declined to endorse the GAF scale for use in the Social Security and SSI disability programs, and has indicated that GAF scores have no direct correlation to the severity requirements of the mental disorders listings." *Wilson v. Astrue*, 653

recommended some changes. (Tr. at 424). Dr. Cannon concluded that Plaintiff was currently receiving case management services that should continue, she appeared to present minimal immediate danger to herself or others through violence, and her prognosis was fair. (Tr. at 425).

To require remand for new evidence submitted to the Appeals Council, Plaintiff must show that the new evidence submitted to the Appeals Council relates to the period on or before the date of the administrative law judge's hearing decision. The ALJ's decision was decided on June 24, 2013. The Psychiatric Evaluation was conducted on September 18, 2013, almost three months after the date of the ALJ's decision. Dr. Cannon evaluated Plaintiff for the first time on September 18, 2013 and, thus, has no history of medical treatment with Plaintiff. Dr. Cannon does not indicate in the Psychiatric Evaluation that the evaluation relates to a period of time prior to the date of the Psychiatric Evaluation and Plaintiff fails to present any arguments that this Psychiatric Evaluation relates to a time on or before the ALJ's decision. After consideration of the Psychiatric Evaluation, the Court finds that the Psychiatric Evaluation does not relate to a period of time on or before the ALJ's hearing decision.

Although the Court finds the Psychiatric Evaluation not chronologically relevant, the Court will continue its analysis as to whether there is a reasonable possibility that the Psychiatric Evaluation would change the administrative outcome. Plaintiff asserts that the ALJ found Plaintiff to have mild limitations in social functioning and moderate limitations in concentration. Plaintiff concludes that if the ALJ had the additional information from the Psychiatric Evaluation, there is a reasonable probability that the decision of the ALJ would have been different. Plaintiff relies mostly on Plaintiff's subjective complaints to Dr. Cannon concerning

---

F. Supp. 2d 1282, 1293 (M.D. Fla. 2009) (internal quotation marks omitted) (citing *Wind v. Barnhart*, 133 F. App'x 684, 692 (11th Cir. 2005)).

her mood swings, periods of depression, irritability, her reluctance to get out of bed, and her claim to sleep all day. (Doc. 7 at 7, Tr. at 422).

  The ALJ found Plaintiff to have mild restrictions in activities of daily living; mild difficulties in social functioning; moderate difficulties with concentration, persistence or pace; and no episodes of decompensation. (Tr. at 18). Dr. Cannon's Psychiatric Evaluation found Plaintiff had a moderate degree of anxiety and fair insight. (Tr. at 424). Plaintiff fails to indicate how Dr. Cannon's findings – when not including Plaintiff's subjective complaints – would change the ALJ's determination of Plaintiff's mental limitations. Further, the ALJ considered Plaintiff's mental health record, including Plaintiff's lack of therapy and counseling, as well as Plaintiff's subjective complaints. (Tr. at 23). Even though the ALJ found Plaintiff's credibility to be poor, the ALJ took Plaintiff's subjective complaints into consideration and limited Plaintiff's RFC to simple, routine, and repetitive type tasks, finding that this limitation was favorable to Plaintiff. (Tr. at 23). Plaintiff failed to show how Dr. Cannon's Psychiatric Evaluation would result in any change to Plaintiff's RFC or any other finding by the ALJ. The Court carefully considered Dr. Cannon's Psychiatric Evaluations and finds that even if it were chronologically relevant, there is no reasonable possibility that this new evidence would change the administrative outcome. Therefore, the Court finds that the Appeals Council did not err in its decision to deny Plaintiff's request for review.[6]

---

[6] Plaintiff mentions that the Appeals Council failed to provide an explanation for its decision to deny Plaintiff's request for review. The Appeals Council is "not required to provide a detailed rationale for denying review." *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 784 (11th Cir. 2014). Thus, the Appeals Council did not err in failing to explain its decision.

### III.     Conclusion

Upon consideration of the submissions of the parties and the administrative record, the Court finds that the decisions of the ALJ and the Appeals Council are supported by substantial evidence and decided upon proper legal standards.

**IT IS HEREBY ORDERED:**

The decision of the Commissioner is hereby **AFFIRMED** pursuant to sentence four of 42 U.S.C. §405(g).  The Clerk is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on September 15, 2016.

_____

MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties